USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/29/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DRANDE DARDHA,

                        Plaintiff,

-against-

COSTCO WHOLESALE CORP.,

                        Defendant.

No. 17 Civ. 2571 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

    Plaintiff Drande Dardha brings this action against Defendant Costco Wholesale Corp. asserting claims for damages arising out of a slip and fall incident at a Costco location.

    Presently before this Court is Defendant's motion to strike certain testimony and supplemental interrogatory responses and for summary judgment. Fed R. Civ. P. 37 & 56. (ECF No. 18.) For the following reasons, the motion for summary judgment is DENIED.

## BACKGROUND

    The following facts derive from the parties' 56.1 submissions and the record and are undisputed unless otherwise noted.

    On September 10, 2015, Plaintiff went to the Port Chester Costco with her son, Kristjano Dardha. (Pl.'s 56.1 ¶ 1, ECF No. 27.) Plaintiff was in the store for about forty-five minutes before the accident which occurred near register nine. (*Id.* ¶ 2.) At the time of the accident, Plaintiff's son was on the customer side of the cash register and Plaintiff was walking behind the register, in the space where the cashier stands, where she slipped on an unidentified clear liquid that was on the floor behind the cashier and to his left. (*Id.* ¶¶ 3 – 4.) Neither Plaintiff nor her son saw the liquid before Plaintiff slipped. (*Id.* ¶¶ 5 – 6.) Asworth "Tyrone" Bailey, the cashier,

1

likewise did not see the puddle before Plaintiff fell. (*Id.* ¶ 7); (DeLuca Decl. Ex. I ("Bailey Tr."), Bailey Tr. 25:2 – 4, ECF No. 19.) Thirty-eight minutes before the accident, a Costco employee, Miguel Francis, stood in the accident location and assisted a member in loading a shopping cart, and he did not observe any liquid on the floor at that time. (Pl.'s 56.1 ¶ 8); (DeLuca Decl. Ex. J ("Francis Aff."), Francis Aff. ¶ 10.) Twenty minutes later, and eighteen minutes before the accident, Mr. Francis stood in the accident location to give Mr. Bailey change for his register and still did not observe liquid on the floor. (Pl.'s 56.1 ¶ 9); (Francis Aff. ¶ 11.) When Mr. Bailey looked under a member's shopping cart in the accident location seven minutes before the accident, he did not see any liquid on the floor. (Pl.'s 56.1 ¶ 10); (DeLuca Decl. Ex. L ("Bailey Aff."), Bailey Aff. ¶ 3.) Mr. Bailey did not observe any liquid on the floor four and then two minutes before the accident when he pushed shopping carts into the area of the accident. (Pl.'s 56.1 ¶¶ 11 – 12); (Bailey Aff. ¶¶ 4 – 5.) Approximately ninety seconds before the accident, Mr. Francis surveilled the area and still did not see liquid in the accident area. (Pl.'s 56.1 ¶ 14); (Francis Aff. ¶ 12.) Neither Plaintiff, her son, nor the manager on duty, Cordel Codling, know what caused the liquid to be on the floor, and there were no open containers in the accident location. (Pl.'s 56.1 ¶¶ 15 – 18.) There was no dirt or debris in the liquid; the only mark in the liquid was from Plaintiff's shoe. (*Id.* ¶ 19.) Defendant testified that, to maintain safe stores, regular inspections of the floor are conducted by all Costco employees. (*Id.* ¶ 21); (DeLuca Decl. Ex. H ("Codling Tr."), Codling Tr. 15:3 – 25.)

Plaintiff filed a complaint arising from this incident in the New York State Supreme Court, County of Westchester and the matter was removed to this Court on April 10, 2017. (ECF No. 1.) The case was referred to Judge Paul Davidson for pretrial purposes, including discovery. (ECF No. 8.) As part of discovery, on April 28, 2017, Defendant served Plaintiff with

interrogatories which included requests for the identities of any Costco employees Plaintiff alleged to have actual notice of the spill. (DeLuca Decl. Ex. M.) Plaintiff responded to these interrogatories on June 22, 2017 and did not identify any Costco employees with actual notice of the spill. (*Id.* Ex. N.) That same day, Plaintiff served its initial disclosures and again did not identify any Costco employees with actual notice. (*Id.* Ex. O.) Plaintiff admitted that liability discovery was complete on February 15, 2018. (Pl.'s Opp'n p. 2, ECF No. 26.) On February 16, 2018, after the due dates for responses of interrogatories, Plaintiff served a supplemental interrogatory response and identified a Costco employee, Mr. Bailey, as having actual notice of the spill. (DeLuca Decl. Ex. Q.) On March 9, 2018, Defendant requested a stay of the remaining discovery, relating to damages and expert testimony, while it filed a motion to dismiss. (ECF No. 12.) The Court granted a stay of damages and expert discovery. (ECF No. 16.)

## LEGAL STANDARD

A "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of pointing to evidence in the record, "including depositions, documents [and] . . . affidavits or declarations," *id.* at 56(c)(1)(A), "which it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party may also support an assertion that there is no genuine dispute by "showing . . . that [the] adverse party cannot produce admissible evidence [in] support" of such a contention. Fed. R. Civ. P. 56(c)(1)(B). A fact is material if a dispute over that fact could impact the outcome of the lawsuit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Once the moving party fulfills its

3

preliminary burden, the onus shifts to the non-moving party to identify "specific facts showing that there is a genuine issue for trial." *Id.* (quotations and citations omitted).

If "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," a motion for summary judgment should fail. *Id.* at 258. Courts must "constru[e] the evidence in the light most favorable to the non-moving party and draw[ ] all reasonable inferences in its favor." *Fincher v. Depository Tr. & Clearing Corp.*, 604 F.3d 712, 720 (2d Cir. 2010) (quotations and citations omitted). The party asserting that a fact is genuinely disputed must support their assertion by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence . . . of a genuine dispute." Fed. R. Civ. P. 56(c)(1)(A), (B). "Statements that are devoid of any specifics, but replete with conclusions, are insufficient to defeat a properly supported motion for summary judgment." *Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 452 (2d Cir. 1999).

The nonmoving party "may not rely on conclusory allegations or unsubstantiated speculation." *FDIC v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010) (quotations and citations omitted). Similarly, "a party cannot create an issue of fact by submitting an affidavit in opposition to summary judgment that contradicts prior deposition testimony." *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 104 (2d Cir. 2010) (citing *Perma Research and Dev. Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969) (noting that such affidavits "greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact"). However, the mere fact that a non-movant's factual allegations in opposition are "self-serving" does not automatically render them insufficient to defeat summary judgment. *Danzer v. Norden Sys., Inc.*, 151 F.3d 50, 57 (2d Cir. 1998). Instead, summary judgment should be granted when a party "fails to make a showing sufficient to establish the existence of an element essential to that

party's case," where "that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In reviewing the record, "the judge's function is not himself to weigh the evidence and determine the truth of the matter," nor is it to determine a witness's credibility. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Rather, "[t]he inquiry performed is the threshold inquiry of determining whether there is the need for a trial." *Id.* at 250. If the Court finds that one party to a case has "no real support for its version of the facts," a motion for summary judgment should be granted. *Community of Roquefort v. William Faehndrich, Inc.*, 303 F.2d 494, 498 (2d Cir. 1962).

## DISCUSSION

### I. Motion to strike

As a threshold matter, the Court will first address Defendant's motion to strike the supplemental interrogatory response filed by Plaintiff and deposition testimony from Plaintiff and her son.

The Federal Rules of Civil Procedure require that a party who has responded to an interrogatory supplement or correct disclosures in a timely manner if the party learns that the response is incomplete or incorrect in some material respect. Fed. R. Civ. P. 26(e)(1). This is a continuing obligation imposed on the responding party to supplement prior responses "based on later acquired information when the party learns of its existence and materiality." *Dash v. Seagate Tech. (US) Holdings, Inc.*, No. 13-CV-6329(LDW)(AKT), 2015 WL 4257329, at *12 (E.D.N.Y. July 14, 2015) (quoting *Robbins & Myers, Inc. v. J.M. Huber Corp.*, 274 F.R.D. 63, 79–80 (W.D.N.Y. 2011)). If a party fails to supplement a response as required by Rule 26(e), that party is "not allowed to use that information . . . to supply evidence on a motion, at a

hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The purpose of these rules is to avoid a "trial by ambush." *Lopez v. City of New York*, No. 11-CV-2607(CBA)(RER), 2012 WL 2250713, at *1 (E.D.N.Y. June 15, 2012).

Here, Plaintiff supplemented her interrogatory responses to add Mr. Bailey as a Costco employee with actual notice of the spill. Plaintiff submitted this supplemental response to Defendant on February 16, 2018, after the close of liability discovery and almost eight months after she initially served her interrogatory responses on Defendant.

Plaintiff does not offer any justification, let alone a substantial justification, for the delay in filing the supplemental interrogatory response.[1] Instead, Plaintiff focuses on harmlessness. A Rule 26(e) violation is harmless if there is no prejudice to the opposing party. *Lujan v. Cabana Management, Inc.*, 284 F.R.D. 50, 68 (E.D.N.Y. 2012). Plaintiff knew about Mr. Bailey's comments allegedly showing actual knowledge of the spill on the day of the accident when she and her son heard him make them, yet Plaintiff did not disclose this information to Defendant until nearly two and a half years later and after the close of discovery. The purpose of the Federal Rules of Civil Procedure is to "secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. When parties fail to comply with these rules, they frustrate this very purpose.

Yet here, Defendant was not prejudiced by Plaintiff's failure to follow procedural rules and therefore sanctions under Rule 37(c)(1) are not appropriate. Defendant argues that Plaintiff's violation of Rule 26 meant that it was not able to properly prepare for its depositions

---

[1] A party shows substantial justification if there is justification "to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request" or it there is a genuine dispute about compliance. *AIG Global Asset Mgmt. Holdings v. Branch et al.*, No. 04-CV-8803(RMB)(THK), 2005 WL 425494, at *1 (S.D.N.Y. Feb. 18, 2005).

or investigate the allegations that Mr. Bailey had actual notice of the spill before Plaintiff's fall. However, both Plaintiff and her son stated that Mr. Bailey had actual notice of the spill in their depositions. In her deposition on January 26, 2018, Plaintiff testified that the "cashier", presumably Mr. Bailey, knew about the spill prior to her fall.

> Q: After the accident, did anyone come up to you and say, I told Costco about the spill?
> A: Cashier.
> Q: Cashier said it?
> A: Yes.
> Q: What did he say?
> A: He said, I didn't have time to call someone to put the sign
> . . .
> Q: Did the cashier ever tell you anything else?
> A: No.

(DeLuca Decl. Ex. F ("Dardha Tr."), Dardha Tr. 57:22 – 25; 58:2 – 6, 13 – 15.) Plaintiff's son's deposition testimony, taken on February 15, 2018, also indicates that Mr. Bailey knew of the spill in advance of the incident.

> Q: But you remember the cashier said something?
> A: Yeah. I mean, he was pretty much, he made it pretty evident he knew the spill was there, he didn't clean it up, yet he was trying to get somebody to clean it up by the remarks that he made.
> Q; What remarks did he make?
> A: Why hasn't somebody cleaned this up, or why isn't this cleaned up, after my mother fell.
> Q: It's possible what he said could be different than exactly what he said there?
> A: Some kind of variation. It happened a couple of years ago, it's hard to remember the exact words.

(DeLuca Decl. Ex. G. ("K. Dardha Tr."), K. Dardha Tr. 24:14 – 25; 25: 2 – 6.) In his sworn affidavit dated July 5, 2018, Mr. Dardha again swears to this testimony. (Taub Decl. Ex. A ("K. Dardha Aff."), K. Dardha Aff. ¶ 4, ECF No. 25.) On these occasions, Defendant had the opportunity to ask questions about the circumstances surrounding Plaintiff's fall and whether Mr.

Bailey had prior notice of the spill. Defendant's counsel was also present at Mr. Bailey's deposition, taken on February 15, 2018, which contradicts Plaintiff's account.

> Q: Do you remember seeing any liquid or any kind of substance on the floor where the woman fell?
> A: No.
> . . .
> Q: After the woman fell, did you help her up?
> A: I gave her attention for a few. It was a busy day, so Cordel was quick on site, so I just continued working.
> . . .
> Q: Do you know for how long that puddle was there for?
> A: No.
> Q: Had you seen the puddle before her fall?
> A: No.
> Q: Do you know if that puddle is what caused the customer to fall?
> A: No.
> Q: So, is the first time you became aware of that puddle after the customer got up?
> A: Yes.
> Q: Did the customer ever say anything to you?
> A: No.
> Q: Did the male individual, who came afterward, say anything to you?
> A: No.

(Bailey Tr. 23:14 – 25; 24:2, 23 – 25; 25:2 – 17.) Defendant also submitted an affidavit from Mr. Bailey, dated March 30, 2018, in which he testifies that he did not observe liquid at the fall site seven, four, or two minutes before Plaintiff fell and that "[t]he member that left [the fall location] just before the accident never advised that there was liquid on the floor or that something in her cart was leaking." (Bailey Aff. ¶¶ 3 – 6.) These depositions show that, despite Plaintiff's unjustified delay, Defendant had a chance to, and did, ask Plaintiff and her son about their allegations that Mr. Bailey had actual notice and knew that Mr. Bailey denied having actual notice. Defendant cannot argue that it was "ambushed" by Plaintiff's supplemental interrogatory response listing Mr. Bailey has someone with actual notice. *See Capitol Records, LLC v. Escape Media Grp., Inc.* 12-CV-6646(AJN)(SN), 2014 WL 12698683, at *8 (S.D.N.Y. May 28, 2014); *see also In re Methyl Tertiary Butyl Ether (MTBE) Prod. Liab. Litig.*, 643 F. Supp. 2d 471, 482

(S.D.N.Y. 2009). Further, Defendant submitted the supplemental affidavit from Mr. Bailey, further negating any harm caused by Plaintiff's delay.

Preclusion of evidence is a drastic remedy and should be used sparingly, with caution. *Capitol Records, LLC*, 2015 WL 1402049, at *22. While Plaintiff's delay in supplementing its interrogatory responses is a violation of Rule 26, Defendant was not prejudiced by this violation, and the use of a drastic remedy is not warranted.

## II. Slip and Fall Claim

On a summary judgment motion in an action for negligence, " 'the plaintiff must introduce adequate evidence on each element of negligence sufficient to support a favorable jury verdict[, and] ... in cases where proof of any essential element falls short the case should go no further.' "[2] *Stanton v. Manhattan E. Suite Hotels*, No. 01-CV-2394, 2002 WL 31641127, at *2 (S.D.N.Y. Nov. 22, 2002) (quoting *Basso v. Miller*, 40 N.Y.2d 233, 242 (1976)). Under New York law, to demonstrate a *prima facie* case of negligence, a plaintiff must establish that (1) the defendant owed the plaintiff a duty; (2) the defendant breached the duty; and (3) an injury resulted from the breach. *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 286 (2d Cir. 2006); *see also Cusack v. Peter Luger, Inc.*, 909 N.Y.S.2d 532, 533 (N.Y. App. Div. 2d Dep't 2010).

"With respect to a motion for summary judgment in a slip-and-fall case, 'the plaintiff must demonstrate a genuine issue of material fact that the defendant either created the dangerous condition or had actual or constructive notice of the condition.' " *Gonzalez v. Kmart Inc.*, No. 13-CV-5910(PKC)(VMS), 2016 WL 3198275, at *3 (E.D.N.Y. June 8, 2016) (quoting *Lionel v.*

---

[2] Plaintiff appears to misunderstand the burden for a *prima facie* negligence claim at the motion for summary judgment stage. (Pl.'s Opp'n p. 1, ECF No. 26.) While the movant, here Defendant, has the burden to point to evidence in the record to demonstrate the absence of a genuine issue of material fact and that it is entitled to summary judgment as a matter of law, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), it is Plaintiff's burden to show that there is sufficient evidence to support each element of negligence for a reasonable jury to find for Plaintiff.

9

*Target Corp.*, 44 F. Supp. 3d 315, 318 (E.D.N.Y. 2014)). "Summary judgment for the defendant . . . is appropriate where a plaintiff has provided no evidence from which it could be inferred that the defendant had even constructive notice of the defect before the plaintiff's injury." *Hassan v. Whole Foods Mkt. Grp., Inc.*, No. 13-CV-6345(LLS), 2016 WL 3197133, at *2 (S.D.N.Y. June 6, 2016); *see, e.g., Decker v. Middletown Walmart Supercenter Store*, No. 15-CV-2886(JCM), 2017 WL 568761, at *5 (S.D.N.Y. Feb. 10, 2017) ("[T]here is no evidence that Defendant created the condition, and Plaintiff has not pointed to any circumstantial evidence that would create [such] an inference."); *Gonzalez v. Kmart Inc.*, No. 13-CV-5910(PKC)(VMS), 2016 WL 3198275, at *7 (E.D.N.Y. June 8, 2016) (holding that a reasonable jury could not conclude that the defendant had actual or constructive notice of the spill allegedly causing the plaintiff's injury since there was no way to determine duration of hazard based on the evidence presented).

Plaintiff need not show direct evidence in support of each element, but instead, " '[i]t is enough that [plaintiff] shows facts and conditions from which the negligence of the defendant and the causation of the accident by that negligence may be reasonably inferred.' " *Kramer v. Showa Denko K.K.*, 929 F. Supp. 733, 747 (S.D.N.Y. 1996) (quoting *Schneider v. Kings Highway Hosp. Ctr., Inc.*, 67 N.Y.2d 743, 744 (1986)).

The parties agree that the first element of a *prima facie* case for negligence is not the issue but dispute whether Defendant breached a duty owed to Plaintiff. Defendant argues that Plaintiff cannot show any evidence that Defendant either created the dangerous condition or had actual or constructive notice of the condition and that summary judgment should therefore be granted in its favor. There is no evidence that Defendant created the puddle and Plaintiff does not dispute that Defendant does not know where the puddle came from. (Pl.'s 56.1 ¶ 17.) Based

on the evidence, a reasonable jury could not find that Defendant created the puddle. *See Bogery v. United States*, No. 17-CV-6996(VEC), 2018 WL 4265901, at *4 (S.D.N.Y. Sept. 6, 2018). Therefore, the Court will analyze whether a genuine issue of material fact exists as to whether Defendant had notice of the liquid on the floor.

Notice may be actual or constructive. "Actual notice requires that a defendant receive complaints or similarly be alerted to the existence of the dangerous condition." *Nussbaum v. Metro-North Commuter R.R.*, 603 F. App'x 10, 12 (2d Cir. 2015). "[C]ourts applying New York law have rejected allegations of actual notice where [a] defendant has presented evidence that, before the accident, [its] employees who were responsible for the area were unaware of the alleged condition and had not received complaints about the area." *Bogery v. United States*, No. 17-CV-6996(VEC), 2018 WL 4265901, at *4 (S.D.N.Y. Sept. 6, 2018) (quoting *Rivera v. Target Dep't Store, Inc.*, No. 15-CV-7846(HBP), 2017 WL 2709745, at *5 (S.D.N.Y. June 22, 2017)) (internal quotation marks omitted).

Plaintiff and her son testified that Mr. Bailey had actual notice of the spill.[3] (Dardha Tr. 58:2 – 15); (K. Dardha Aff. ¶ 4.) They were unable to recall the exact language that Mr. Bailey allegedly used, but Plaintiff testified that Mr. Bailey said he did not have time to call someone to put up a sign, and Plaintiff's son testified that Mr. Bailey said something that made it clear he had been trying to get someone to clean the spill prior to Plaintiff's fall. (Dardha Tr. 58:5 – 6); (K. Dardha Tr. 24:14 – 24.) However, Mr. Bailey testified that he did not have notice of the spill; no customer complained about a spill and he did not observe the liquid on the floor until after the Plaintiff rose after her fall. (Bailey Tr. 23:14 – 25; 24:2, 23 – 25; 25:2 – 17); (Bailey Aff. ¶¶ 5 – 7.) There were no caution signs in the area, (K. Dardha Tr. 16:21 – 25; 17:2 – 3), and

---

[3] Plaintiff was unable to identify anyone else who complained about or commented on the spill prior to the accident. (Dardha Tr. 57:5 – 25; 58:16 – 18.)

11

Costco employees testified that they were unaware of the spill and had not received complaints about the condition. (Francis Aff. ¶ 12); (Bailey Aff. ¶¶ 3 – 7.) While there is surveillance footage, the view of the floor on which Plaintiff slipped is obstructed by Mr. Bailey's cashier counter. At the summary judgment stage, video evidence may be credited over the non-moving party's account if the recording "blatantly contradicts" the non-movant's version of events. *Benitez v. Healy*, No. 15-CV-1179(GLS)(ATB), 2017 WL 9673721, at *5 (N.D.N.Y. June 7, 2017) (citing *McKinney v. Dzurenda,* 555 F. App'x 110, 111 – 12 (2d Cir. 2014)). Plaintiff and her son testified that Mr. Bailey, after Plaintiff fell, made statements which indicated that he had actual notice of the spill prior to her fall. This account cannot be contradicted by the surveillance video. The video contains no audio and so sheds no light on what Mr. Bailey said, if anything, after Plaintiff fell. Moreover, Plaintiff fell on a section of floor which is obscured from the camera by a checkout counter. There is no view of the actual spot where Plaintiff slipped. Because of these two issues, the video does not blatantly contradict Plaintiff's account. At the summary judgment stage, it is not for this Court to weigh the credibility of the evidence; rather, this Court must determine whether there is a need for a trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 – 50 (1986). Here, there is a genuine dispute of material fact, whether Defendant had actual notice of the spill prior to Plaintiff's fall. Accordingly, the Court cannot grant summary judgment.[4]

---

[4] It is unnecessary for the Court to determine whether there is a genuine issue of material fact as to whether Defendant had constructive notice of the spill because Defendants are denied judgment as a matter of law.

## CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is DENIED. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 18. The parties are directed to contact Magistrate Judge Paul E. Davidson's chambers forthwith to proceed with discovery.

Dated: January 29, 2018
       White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge