USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/28/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DRANDE DARDHA,

                            Plaintiff,

    -against-

COSTCO WHOLESALE CORP.,

                            Defendant.

No. 17 Civ. 2571 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

Plaintiff Drande Dardha brings this action against Defendant Costco Wholesale Corp. asserting claims for damages arising out of a slip and fall incident at a Costco location. On January 29, 2019, this Court issued an Opinion denying Defendant's motion for summary judgment. (ECF No. 33); *Dardha v. Costco Wholesale Corp.*, No. 17-CV-2571(NSR), 2019 WL 357930 (S.D.N.Y. 2019).

Presently before this Court is Defendant's motion for reconsideration. (ECF Nos. 35 & 37.) For the following reasons, the motion for reconsideration is DENIED.

## LEGAL STANDARD

Reconsideration of a Court's previous order is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Initial Pub. Offering Sec. Litig.*, 399 F. Supp. 2d 298, 300 (S.D.N.Y. 2005) (internal citation and quotation omitted), *aff'd sub nom. Tenney v. Credit Suisse First Boston Corp.*, No. 05-CV-3430, 2006 WL 1423785, at *1 (2d Cir. 2006). Motions for reconsideration are governed by Local Civil Rule 6.3, and the standard for granting a motion for reconsideration "is strict." *McCloud v. Perez*, No. 17-CV-1827(AJN)(KNF), 2018 WL 5818103, at *1 (S.D.N.Y. Aug. 17, 2018)

1

(quoting *Shrader v. CSX Transp.*, 70 F.3d 255, 257 (2d Cir. 1995)). Indeed, reconsideration will generally be denied " 'unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.' " *Pac. Life Ins. Co. v. Bank of New York Mellon*, No. 17-CV-1388 (KPF), 2018 WL 1871174, at *1 (S.D.N.Y. Apr. 17, 2018) (quoting *Shrader*, 70 F.3d at 257). A motion for reconsideration "is not a vehicle for . . . presenting the case under new theories . . . or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quotation and citation omitted). Nor is such a motion "an occasion for repeating old arguments previously rejected . . . ." *RSM Prod. Corp. v. Fridman*, No. 06-CV-11512, 2008 WL 4355406, at *2 (S.D.N.Y. Sept. 23, 2008) (internal quotation marks omitted).

Further, the decision to grant or deny a motion for reconsideration rests within "the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (internal quotation marks omitted).

**DISCUSSION**

Defendant argues that the Court should reconsider its Opinion denying Defendant summary judgment because, even if a reasonable jury found that Defendant had actual notice of the spill, there was no genuine dispute that Defendant did not have a reasonable opportunity to clean the spill. Defendant also argues that the Court should have held that there was no genuine dispute of material fact that Defendant did not have constructive notice of the spill.

Under the Southern District of New York's local rules, Local Civil Rule 6.3, a notice of motion for reconsideration of a court order determining a motion must be served within fourteen days after the entry of the Court's determination of the original motion, unless otherwise

provided by the court or by statute. Here, Defendant filed its notice of motion for reconsideration on February 15, 2019 (ECF Nos. 35 & 37), more than fourteen days after the entry of the Court's January 29, 2019 Opinion. Defendant argues that Federal Rules of Civil Procedure Rules 59 and 60 provide longer deadlines for filing for relief from court judgments. However, those rules are about requests for a new trial and relief from final judgments, respectively. Fed. R. Civ. P. Rules 59 & 60(b). Those rules do not set deadlines for filing a motion for reconsideration. Therefore, Local Civil Rule 6.3 applies, and, considering that reconsideration is an extraordinary remedy and that Defendant's motion was untimely, the Court dismisses Defendant's motion for reconsideration.

Had Defendant's motion been timely, the Court still would not have altered its Opinion. Defendant argues that it is undisputed that the liquid was on the floor for fewer than eighty-three seconds and that Defendant did not have a reasonable opportunity to remedy the spill. However, Plaintiff disputes that the spill was on the floor for eighty-three seconds. Additionally, from Mr. Bailey's[1] alleged comments, "why hasn't somebody cleaned this up," *Dardha v. Costco Wholesale Corp.*, No. 17-CV-2571(NSR), 2019 WL 357930, at *4 (S.D.N.Y. 2019), a reasonable jury could determine that Mr. Bailey was aware of the spill before Plaintiff fell and that he had a reasonable opportunity to ask someone else to clean it up or that it had been on the ground for a sufficient time for another employee to observe and remedy. Defendant cites to *Gonzalez v. Kmart*, in which a court determined that two to three minutes did not provide the defendant with a reasonable opportunity to remedy the defect. 585 F. Supp. 2d 501, 505 (S.D.N.Y. 2008). In that case, however, the employee who noticed the spill immediately searched for material to clean the spill, and while the employee was looking for material to clean the spill, the plaintiff

---

[1] Mr. Bailey was an employee of Defendant at the time of the relevant events.

slipped. *Id.* Here, Mr. Bailey took no action to clean the spill or otherwise remedy the situation in the time between allegedly noticing the spill and Plaintiff's accident.

This case is closer to *Cruz v. Target Corp.*, where the court denied the defendant's motion for summary judgment and held that the plaintiff presented sufficient evidence that an employee of the defendant had actual notice of a spill and failed to "take advantage of an immediately available remedy." *Cruz v. Target Corp.*, No. 13-CV-4662(NRB), 2014 WL 7177908, at *7 (S.D.N.Y. Dec. 17, 2014). In that case, the plaintiff testified that after she slipped and fell, a Target employee arrived carrying a roll of paper towels and said, "Oh my God, I was on my way, it's mine." *Id.* at *2. The court found that " the situation here allowed the Target employee (assuming he knew of the spill) to take *immediate* precautions without cleaning the spill at all." *Id.* at *6. Similar to the employee in *Cruz*, Mr. Bailey, assuming he had actual notice of the spill, could have taken precautions, including warning customers and employees in the area of the spill, to prevent Plaintiff from slipping immediately upon noticing the spill. Defendant also cites to *Gordon v. American Museum of Natural History*, in which a state court concluded that the defendant did not have actual or constructive notice of a hazardous condition because "minutes" was not enough time for the defendant to discover and remedy the condition. 67 N.Y.2d 836, 838 (1986). This case, too, is distinguishable. Here, unlike in *Gordon*, the Court has determined that there is a genuine dispute of material fact as to whether Plaintiff had actual notice of the hazard, meaning that Defendant would not need time to discover the condition, just to remedy the condition.[2]

---

[2] Other cases relied on by Defendant to support this point are similarly distinguishable from the case before the Court. *Jackson v. Home Depot U.S.A., Inc.*, No. 11-CV-1898(SJF)(GRB), 2012 WL 6675125, at *2 (E.D.N.Y. Dec. 21, 2012) (holding that a reasonable jury could not determine that the defendant had actual or constructive notice of the condition); *Ulu v. ITT Sheraton Corp.*, 813 N.Y.S.2d 441, (N.Y. App. Div. 2d Dep't 2006) (holding that there was no genuine issue that there was not sufficient time for the defendant to discover *and* remedy the condition);

Turning to the issue of constructive notice, the Court already determined that there was a genuine issue of fact as to whether Defendant had actual notice of the spill, and so summary judgment was appropriately denied. *See Sanchez v. Pathmark Stores, Inc.*, No. 04-CV-1159(GBD)(RLE), 2010 WL 1191633, at *2 (S.D.N.Y. Mar. 8, 2010) (denying the defendant's motion for summary judgment because there was actual notice of the spill and not ruling on whether the defendant was entitled to summary judgment that it did not have constructive notice); *Cruz v. Target Corp.*, No. 13-CV-4662(NRB), 2014 WL 7177908, at *7 (S.D.N.Y. Dec. 17, 2014) (declining to find that the plaintiff did not establish constructive notice because, in part, the plaintiff "mustered enough evidence to survive summary judgment on her theories that a Target employee caused or had *actual* notice of the spill"). Even if the Court had held that the plaintiff failed to meet her burden on constructive notice, that holding would not have altered the Opinion; Defendant's motion for summary judgment would still have been denied. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

## CONCLUSION

For the foregoing reasons, Defendant's motion for reconsideration is DENIED. The Clerk of the Court is respectfully directed to terminate the motions at ECF Nos. 35 and 37.

Dated: March 28, 2019
       White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge

---

*Williams v. Hannaford Bros. Co.*, 274 A.D.2d 649, 650 (N.Y.A.D. 3d Dep't 2000) (there was no evidence of the precise cause of the plaintiff's fall and the plaintiff did not show that the defendant had sufficient time to notice *and* remedy the spill); *Mercer v. City of New York*, 223 A.D.2d 688, 690 (N.Y. App. Div. 2d Dep't 1996) (noting that the plaintiff did not show that the defendant had enough time to discover *and* remedy the hazardous condition).

5